UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT DARYL ROLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16-1230 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Petitioner Rollins' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Petition [1] is Denied.

### BACKGROUND

Petitioner was convicted of four counts of bank robbery and four counts of using and carrying a firearm during the robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 924(c) respectively. He was sentenced to 78 months' imprisonment for the bank robbery counts, to be followed by a consecutive 100 years' imprisonment on the § 924(c) counts. His conviction and sentence were affirmed on appeal. *United States v. Rollins*, 301 F.3d 511 (7th Cir. 2002). Rollins now brings this § 2241 action seeking to vacate, set aside, or correct his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2251 (2015), arguing that his conviction for brandishing a firearm no longer qualifies as a "crime of violence." This Order follows.

### STANDARD OF REVIEW

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The

1

writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

## ANALYSIS

Petitioner claims in his § 2241 Petition that his sentence is invalid because the Court found that he was eligible for a consecutive, mandatory sentence based on a finding that he had committed a crime of violence under 18 U.S.C. § 924(c).  Initially, the Court notes that § 2241 is not likely the proper vehicle for Petitioner to use to make this challenge.  However, given recent admonitions from the Seventh Circuit that district courts are not to recharacterize pleadings filed under the wrong statutory section and in the interests of resolving this latest in a series of filings by Rollins, the Court will assume that Petitioner is asserting a claim of actual innocence and address the merits of his claim.

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process because the clause is too vague to provide adequate notice. *Johnson v. United States*, 135 S.Ct. 2551 (2015). The residual clause of the ACCA struck down by the Supreme Court has been extended to the residual clause in 18 U.S.C. § 16(b), which is similar to the definition applied in § 924(c)(3)(B).  In *Price v. United States*, the Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions. 795 F.3d 731, 732 (7th Cir. 2015). That decision also made clear that *Johnson* is retroactive not only to cases on direct appeal, but also to cases on collateral review. *Id.*

Petitioner's Motion seeks to invoke *Johnson*, claiming that the holding in that case established that bank robbery is no longer a "crime of violence" and necessarily rendered the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. *Johnson* invalidated only

the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). However, the Seventh Circuit has applied *Johnson* to the definition of "crime of violence" in 18 U.S.C. § 16(b), which is nearly identical to the language in § 924(c)(3)(B). *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015). Accordingly, it is plausible that the reasoning of *Johnson* applies to the residual clause in § 924(c)(3)(B) and renders it unconstitutionally vague, and the Seventh Circuit has assumed as much without specifically deciding the issue. *United States v. Armour*, ___ F.3d ___, 2016 WL 6440383, at **2-3 (7th Cir. Nov. 1, 2016).

That being said, the record indicates that Petitioner would not be entitled to relief as the underlying crime at issue here is federal bank robbery, which qualifies as a crime of violence under 18 U.S.C. § 16(a)(1) rather than the residual clause, as it "has as an element the use, attempted use, or threatened use of physical force against the person of another." This conclusion was essentially confirmed by the Seventh Circuit with respect to the crime of attempted armed bank robbery in holding that "the federal crime of attempted armed bank robbery qualifies as a crime of violence under the 'elements' clause of the definition, which is not unconstitutionally vague." *Armour*, ___ F.3d ___, 2016 WL 6440383, at *2 (7th Cir. Nov. 1, 2016), *citing United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991)(holding that "[a] defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery.") This was so even though the defendant did not actually enter the bank during the attempted robbery. *Id.*, at **2-3. Accordingly, convictions qualifying under the elements clause were unaffected by the holding in *Johnson*. *Id.* As bank robbery was necessarily a crime of violence, the Seventh Circuit also affirmed the defendant's conviction for "using or brandishing a firearm during and in relation to a 'crime of violence'" against a *Johnson* challenge. *Id.*, at *5.

Rollins would therefore not be entitled to relief under *Johnson* even if he had brought his challenge in the proper form.

## CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [1] is DENIED. This matter is now terminated.

ENTERED this 4th day of November, 2016.

s/ James E. Shadid<br>
James E. Shadid<br>
Chief United States District Judge